UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MICHAEL KINER, | No. 2:24-cv-2709 CKD P |
| Plaintiff, | |
| v. | ORDER |
| F. GUZMAN, et al., | |
| Defendants. | |

Plaintiff is a prisoner at California State Prison, Solano (CSPS) proceeding pro se. This action proceeds on claims for damages against defendants Santoro, Guzman, Gregoire[1], and Tyler for violations of the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. § 2. The parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c). Defendants have filed a motion to dismiss. Plaintiff has filed an opposition to the motion as well as a sur-reply. As sur-replies are not permitted under Local Rule 230(l), and plaintiff did not obtain leave to file a sur-reply, the sur-reply will be stricken.

I. Standard

Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When considering whether a complaint states a

---

[1] Defendant Gregoire is identified as defendant Knight-Lipes in plaintiff's pleadings.

1

claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court considers the operative complaint and any matters properly subject to judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

II. Allegations

In the operative second amended complaint (ECF No. 17), plaintiff alleges as follows:

1. On June 29, 2021, defendant Santoro was the Warden at North Kern State Prison.  On that day, Santoro sent plaintiff notice that a detainer had been lodged against him, but defendant Santoro failed to inform plaintiff of his right to disposition of charges under the IAD.

2. On January 18, 2022, defendant Guzman, Chief Deputy Warden at Centinela State Prison, was aware that plaintiff sought disposition of charges but failed to notify the prosecuting entity as Guzman was required to do under the IAD.

3. On October 25, 2023, and November 1, 2023, defendant Gregoire, a case records employee at CSPS, was aware that plaintiff sought disposition of charges, but failed to notify the prosecuting entity as Gregoire was required to do under the IAD.

4. On January 11, 2024, defendant Tyler, Warden at CSPS was aware that plaintiff sought disposition of charges, but failed to notify the prosecuting entity as Tyler was required to do under the IAD.

5. Plaintiff alleges that as a result of defendants' actions his "rehabilitation" was "obstructed" and he suffered anxiety.  Plaintiff does not elaborate how his rehabilitation has been obstructed.

III. Judicial Notice

Defendants ask that the court judicially notice the following:

1. Charges were brought against plaintiff for being a felon in possession of ammunition in the United State District Court for the Southern District of California on January 29, 2021.

/////

    2. Plaintiff filed a demand for trial with respect to the charges on December 2, 2022.

    3. The charges were dismissed on January 9, 2025.

These facts are all judicially noticed in accordance with Federal Rule of Evidence 201. The facts, which are discerned form documents filed in the criminal matter identified above, are "not subject to reasonable dispute" as they are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

IV. <u>Arguments and Analysis</u>

Defendants argue that plaintiff is not entitled to damages for a mere technical violations of the IAD. The IAD provides certain remedies including dismissal of charges for violations of the provisions therein. Nothing in the IAD itself establishes a cause of action for damages.

The Supreme Court has held that, in essence, that the only right even remotely applicable here afforded to plaintiff under the IAD is the right to be tried within 180 days. <u>Alabama v. Bozeman</u>, 530 U.S. 146, 151 (2001). Of course, that right was not violated because plaintiff was never tried because the charges were dismissed. Where the right to a trial within 180 days is not violated, failure to comply with timing provisions under the IAD, such as when a person having custody must inform the appropriate prosecuting entity of the prisoner's request for disposition, is not actionable under § 1983. <u>Rhodes v. Schhoen</u>, 574 F.2d 968, 969-70 (8th Cir. 1978).

The court notes that the IAD aims to protect an inmate's right to a speedy trial not only for the reasons the speedy trial provision appears in the Sixth Amendment, but also because outstanding charges can "produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. § 2, Art. 1. The court does not address the question of whether delay causing obstruction of prisoner treatment and rehabilitation can provide a basis for damages in the absence of the denial of a right to a speedy trial as plaintiff fails to point to any such obstruction. The court takes judicial notice of the fact that plaintiff never appeared in the Southern District with respect to the charges filed against him in 3:21-mj-0358 VET 1, and nothing suggests his conditions of confinement were somehow impacted by the charges brought. For the foregoing reasons, plaintiff's clams must be dismissed.

Furthermore, because it was not clearly established at the relevant time that any defendant

3

could be liable for violating a term of the IAD where charges were dismissed, defendants are protected by qualified immunity. Saucier v. Katz, 533 U.S. 194, 201 (2001) (government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known).

Finally, the court notes that under Article III(d) of the IAD it is the "warden, commissioner of corrections, or other official having custody of the prisoner" who is obligated to inform the entity lodging a detainer of an inmate's desire for adjudication of the charges. As neither defendant Gregoire nor Guzman were prison officials having custody of plaintiff, the IAD imposed no legal obligations upon them.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's October 10, 2025, sur-reply is STRICKEN;

2. Defendants' request for judicial notice is GRANTED as described herein;

3. Defendants' motion to dismiss (ECF No. 32) is GRANTED;

4. Plaintiff's second amended complaint is dismissed; and

5. This case is closed.

Dated: October 17, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
kine2709.mtd